# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **ALTA GAIL MITCHELL,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 4:05-CV-2517-RDP** |
| | } | |
| **PROGRESSIVE SPECIALITY** | } | |
| **INSURANCE COMPANY;** | } | |
| **PROGRESSIVE HALCYON** | } | |
| **INSURANCE COMPANY,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

## I.      INTRODUCTION

Pending before the court is Plaintiff's Motion to Remand (Doc. # 18) filed on February 15,

2007.  The court held a telephone conference with the parties on February 16, 2007, during which

it heard argument on the motion and set a briefing schedule.  Defendants have filed their response

and Plaintiff has filed her reply, so that the motion came under submission on March 5, 2007.

Having considered the parties submissions and arguments, the court finds Plaintiff's Motion to

Remand is due to be denied, as Plaintiff seeks to assert a procedural defect in Defendants' removal

of the case and the court may not remand for a procedural defect outside of the thirty day window

for procedural remand.

## II.     PROCEDURAL HISTORY

Plaintiff filed her complaint against Defendant Progressive Specialty Insurance Company

("Progressive Specialty") in the Circuit Court of St. Clair County, Alabama on August 31, 2005,

demanding payment for underinsured motorist benefits under her policies of stacked automotive and

motorcycle insurance coverage in the total amount of $140,000.00.  (Doc. # 18 Ex. B).  Progressive

Specialty was served with Plaintiff's summons and complaint on September 6, 2005, and filed its

Answer to Plaintiff's complaint on October 11, 2005, thirty five days after service of the summons

and complaint.  (Doc. # 18 Ex. A).  On November 8, 2005, Defense counsel informed Plaintiff's

counsel: "Progressive Specialty Insurance Company has coverage on your clients' personal

automobiles with $40,000.00 in UIM [uninsured motorist] coverage.  Progressive Halcyon Insurance

Company has the coverage on your client's motorcycle, which carried $100,000.00 in UIM benefits."

(Doc. # 18 Ex. C).  The next day, Plaintiff filed her first amended complaint in the Circuit Court of

St. Clair County adding Progressive Halcyon Insurance Company ("Progressive Halcyon") as a party

defendant.  Progressive Halcyon was served with Plaintiff's summons and complaint on November

28, 2005, and filed its Notice of Removal to this court on December 12, 2005.  (Doc. # 1).  The same

day, Defendant Progressive Specialty filed its Notice of Consent and Joinder of Removal. (Doc. #

2).  Plaintiff filed this motion on February 15, 2007.  (Doc. # 18).

## III.    ANALYSIS

Plaintiff argues that this court should remand the case under 28 U.S.C. § 1447(c)[1] because

---

[1]The relevant portions of the remand statute reads:

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State

Defendants' untimely removal was a failure to comply with the procedural requirements of 28 U.S.C. § 1446[2] for such removal, and this deprives the court of subject-matter jurisdiction. Specifically, Plaintiff alleges that the case was removable under 28 U.S.C. § 1441's[3] removal procedure for

---

court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(c)–(d) (2006).

[2]The pertinent portion of this statute governing removal procedure reads:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(a)–(b) (2006).

[3]28 U.S.C. § 1441, which grants removal jurisdiction for claims arising under federal law and diversity claims, states in pertinent part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court

diversity cases from the time it was initially filed in state court on August 31, 2005, because: (1) the

Defendants are essentially the same entity; (2) Defendants have the same counsel; (3) pre-litigation

correspondence and a demand letter were written to the same insurance adjuster handling all claims

in this case made under the policies of both Defendants; and (4) the pleadings clearly stated the

$140,000.00 total amount in controversy.  Thus, Plaintiff argues this court should apply the "first-

served defendant rule" to this case, whereby the thirty day window of removability under § 1446's

removal procedures commences once the first defendant is served in an action involving multiple

defendants who are added in subsequent amendments to the complaint;[4] to do otherwise, warns

Plaintiff, would improperly give Progressive Halcyon a new thirty day window for removal even

after having actual notice of the $140,000.00 amount in controversy from the time the complaint was

originally filed.  Alternatively, Plaintiff argues that Progressive Specialty was on notice of the actual

amount in controversy no later than October 26, 2005, when Plaintiff's counsel wrote Progressive

Specialty's counsel, explaining the basis of Plaintiff's demand for $140,000.00.  (Doc. # 20 Ex. D).

Thus, Plaintiff asserts such correspondence is "other paper," as defined by 28 U.S.C §1446 (b), since

---

of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a)–(b) (2006).

[4]For a discussion of the "first-served defendant rule," see *Adams v. Charter Communications VII, LLC*, 356 F. Supp. 2d 1268, 1272 (M.D. Ala. 2005).

4

it establishes the  amount in controversy required for the court's diversity jurisdiction under 28 U.S.C. § 1332,[5] and thus triggers the thirty day window of removability.

Defendants counter that the case did not "become removable" as defined by § 1446(b) until Progressive Halcyon was added as a defendant and was served, because Progressive Specialty, the only defendant named in the initial complaint, provided coverage to the Plaintiff in the amount of $40,000 in UIM benefits, which is beneath the amount in controversy required by § 1332 for removal under § 1441.

Even taking everything that Plaintiff alleges as true, the court finds Plaintiff's Motion to Remand is due to be denied.  Plaintiff's arguments are properly characterized as asserting a procedural defect in Defendants' removal of this case, but the court may not remand for a procedural defect outside of the thirty-day window for procedural remand.  The Eleventh Circuit has made it

---

[5]The statute conferring diversity jurisdiction reads in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a) (2006).

abundantly clear that when a district court orders a case remanded upon an untimely (*i.e.*, outside the thirty-day window in § 1447(c)) motion to remand claiming procedural defects in the removal process, it "exceed[s] the grounds for remand contained in § 1447(c)." *In re Bethesda Memorial Hosp., Inc.*, 123 F.3d 1407, 1410 (11th Cir. 1997); *see also* 28 U.S.C. § 1447(c) (2006). Indeed, the *Bethesda* court held that "an order remanding on procedural grounds either upon an untimely motion or untimely *sua sponte* order is not authorized by § 1447(c)." Here, Plaintiff makes an untimely motion to remand based upon a procedural defect in removal, which this court is not authorized to grant.

Although she argues that Defendants' untimely removal and/or failure to fully comply with the removal procedures laid out in § 1446 deprives this court of subject-matter jurisdiction, this is simply not the case. "The time limitation for removal is not jurisdictional but rather is modal or formal and may be waived. Failure to object to defects constitutes waiver and may preclude a party from seeking remand to state court." *Loftin v. Rush*, 767 F.2d 800, 805 (11th Cir.1985) (citations omitted), *abrogation on other grounds recognized by Ariail Drug Co., Inc. v. Recomm Intern. Display, Inc.*, 122 F.3d 930 (11th Cir. 1997) (holding that prior cases holding that the proper way to challenge a remand is by petition for writ of mandamus, not by appeal, are no longer viable, since the U.S. Supreme Court determined that such orders were appealable in *Quackenbush v. Allstate Ins. Co.*, 517 U.S.706 (1996)); *see also Powers v. Chesapeake & Ohio Railway Co.*, 169 U.S. 92, 99 (1898); *Harris v. Edward Hyman Co.*, 664 F.2d 943, 945 (5th Cir. 1981). The court concludes that since Plaintiff delayed seeking remand for more than one year after Defendants' removal of the case, she waived any objection she may have had to a procedural defect in Defendants' removal petition. *Harris*, 664 F.2d at 944–45; *see also Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983).

6

In summary, even if Defendants had committed a procedural violation upon removal of this case to federal court,[6] Plaintiff has not raised a timely objection and the court cannot consider remanding the case for that reason.

**V.      CONCLUSION**

For the reasons set forth above, the court finds Plaintiff's Motion to Remand is due to be denied.  The court will enter a separate order in accordance with this memorandum opinion.

**DONE** and **ORDERED** this _____17th_____ day of April, 2007.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

_____

[6]Although it is not necessary for the court to reach the issue, the court sees no reason to conclude that Defendants' removal of this case was defective.

7