FILED

2007 Aug-01  PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| **ALTA GAIL MITCHELL,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **v.** } | **Case No.:  4:05-CV-2517-RDP** |
| } | |
| **PROGRESSIVE SPECIALTY** } | |
| **INSURANCE COMPANY;** } | |
| **PROGRESSIVE  HALCYON** } | |
| **INSURANCE COMPANY,** } | |
| } | |
| **Defendant.** } | |
| } | |
| } | |

## MEMORANDUM OPINION

### I.     INTRODUCTION

Pending before the court is Defendants Progressive Halcyon Insurance Company and Progressive Specialty Insurance Company's, ("Defendants") Motion for Partial Summary Judgment, filed on January 12, 2007.  (Doc. #13).  Alta Gail Mitchell ("Plaintiff") filed her response in opposition to the Motion for Partial Summary Judgment on May 7, 2007.  (Doc. #23).  After careful review of the record and the arguments, the court finds that the motion is due to be denied.  For the reasons set forth below, the court concludes that the existence of material factual disputes precludes the entry of  partial summary judgment.

### II.    STANDARD FOR A SUMMARY JUDGMENT MOTION

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (internal citation and

quotation omitted).  The party asking for summary judgment always bears the initial responsibility

of informing the court of the basis for its motion and identifying those portions of the pleadings or

filings which it believes demonstrate the absence of a genuine issue of material fact.  *See id.* at 323.

Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the

pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions

on file, designate specific facts showing that there is a genuine issue for trial.  *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant.  *See*

*Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  All reasonable doubts about the facts and

all justifiable inferences are resolved in favor of the non-movant.  *See Fitzpatrick v. City of Atlanta*,

2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  If the evidence is

merely colorable, or is not significantly probative, summary judgment may be granted.  *See id.* at 249.

The method used by the party moving for summary judgment to discharge its initial burden

depends on whether that party bears the burden of proof on the issue at trial.  *See Fitzpatrick*, 2 F.3d

at 1115–17 (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991)

(en banc)).  If the moving party bears the burden of proof at trial, then it can only meet its initial

burden on summary judgment by coming forward with positive evidence demonstrating the absence

of a genuine issue of material fact; *i.e.*, facts that would entitle it to a directed verdict if not

controverted at trial.  *See Fitzpatrick*, 2 F.3d at 1115.  Once the moving party makes such a showing,

the burden shifts to the nonmoving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways.  First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial.  Once the moving party satisfies its burden using this method, the non-moving party must respond with evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to affirmatively show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question.  This method requires more than a simple statement that the non-moving party cannot meet its burden at trial, but does not require evidence negating the non-movant's claim; it simply requires that the movant point out to the district court that there is an absence of evidence to support the non-moving party's case. *See Fitzpatrick*, 2 F.3d at 1115–16.  If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. *See Lewis v. Casey,* 518 U.S. 343, 358 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

III.    **STATEMENT OF THE FACTS**

On October 5, 2003, Plaintiff's vehicle collided with that of an individual who was under the influence of alcohol and/or other controlled substances.  (Doc. #7 Ex. A).  Plaintiff alleges that she is entitled to underinsured motorist benefits to compensate her for personal injuries, mental anguish, emotional distress, lost wages, and lost business profits resulting from that motor vehicle collision.

Plaintiff and her husband were owners, corporate officers, and employees of a retail business by the name of Lucky's, Inc., which, at the time of the collision, was a sporting goods and fishing tackle retail store located in Pell City, Alabama.  (*See* Doc. #15, Ex. C at 11–13 Ex. D at 16).  Plaintiff was an officer and an employee of Lucky's, Inc., and she was paid a weekly salary just like any other employee of the corporation.  (*See* Doc. #15 Ex. D).

As an element of her damages in this case, Plaintiff claims lost wages and lost business profits.  She alleges that she was forced to forgo a significant number of her paychecks because business profits decreased and overall business operations began to suffer following the October 5, 2003 collision.  (Doc. #7 Ex. A).  Specifically, Plaintiff claims that the injuries and damages she sustained in the accident directly affected her ability to effectively work as a sales person, store manager, employee and co-owner of Lucky's, Inc.  She states that she was unable to stay on her feet for significant periods of time without experiencing great pain, and that she could not perform her managerial and other job duties to the best of her ability because she was required to be under the influence of pain medication.  (*See* Doc. #15 Exs. B, C at 16–25, D at 8–11).

Plaintiff was in good health before the collision.  However, since the collision, she:  (a) was forced to wear a body brace to restrain her shoulders while her back injuries healed; (b) was on a considerable amount of medication for pain; and (c) cannot remain on her feet for as long as she once

could.  (*See* Doc. #15 Exs. B, D at 48).  Plaintiff alleges that her personal injuries caused her to be

absent from the retail business for approximately four months as she healed and assisted her husband

in his healing process.  (*Id.*).

IV.     DISCUSSION

   A.     **Plaintiff Has Demonstrated a Genuine Issue of Material Fact Concerning Her
          Claim of Loss of Business Profits.**

     Defendants claim that they are  entitled to summary judgment because Plaintiff is unable to

offer competent evidence in support of her contention that she suffered a loss of business profits as

a result of her injury.[1]  (Doc. #15 at 2).  Specifically, Defendants argue that Plaintiff has not submitted

---

[1]While the general rule concerning recovery of loss of profits is that recovery is not permitted
for loss of invested capital or the labor of others (no matter how prominent the injured person's part
therein or how essential to the business's successful operation his connection with it may be), the
injured person is entitled to compensation for loss of earnings suffered from personal effort, skill,
or ability to perform labor.  *See Fitzpatrick v. Dean*, 177 So. 2d 909 (1965).  In *Fitzpatrick*, the
Alabama Supreme Court stated:

> One who is injured in his person may recover for any resulting loss of time and
> consequent loss of earnings and for any loss or diminution of his earning capacity.
> In this regard, however it should be borne in mind that the loss of earnings is distinct
> from loss of profits, the difference being that earnings are the fruit or reward of labor,
> the price of services performed, while profits represent the net gain made from an
> investment or from the prosecution of some business after the payment of all
> expenses incurred.  The injured person is entitled to compensation for loss of
> earnings suffered from personal effort, skill, or ability or for the destruction or
> impairment of his ability to perform labor or render service which is essentially and
> fundamentally personal in character. . . .

> We think it is clear then that evidence of what the plaintiff lost as a result of being
> unable to perform his usual work in his business should not be excluded simply
> because such earnings are termed profits.  Rather, the prevailing consideration is
> whether the profits are a product of personal effort of the plaintiff.

*Id.* at 910–12.

evidence to support her contentions that (1) her business was losing money, or (2) if her business was indeed losing money, her lost profits are a consequence of her injuries.  (*Id.*).

The court agrees with Defendants' contention that the applicable rule of law is found in *Fitzpatrick v. Dean*, 177 So. 2d 909 (Ala. 1965).  In *Fitzpatrick,* the Alabama Supreme Court held that a plaintiff may recover lost profits caused by a personal injury if such profits are a product of her personal effort, skill and/or ability, and she proves by competent evidence that such profits were diminished as a result of her inability to render personal effort.  *Id*. at 912.  However, a plaintiff cannot recover for mere expectations of profits, doubtful offers of business, or other vague or indefinite offers because such offers are classified as speculation, and as such, cannot be the basis for recoverable damages.  *See id.* at 911; *see also Ernest Rest Cemetery Co. v. Pugh,* 366 So. 2d 1113, 1116 (Ala. 1979) ("The long-established principle on proof of lost earnings is that such an allegation must be supported by some specific proof which will allow a reasonably accurate finding."); *Reddy v. Chappelle*, 678 So. 2d 195, 196 (Ala. Civ. App. 1996) (interpreting the "competent evidence" standard set forth *Fitzpatrick* to require proof of past earnings).  Therefore, a plaintiff's testimony as to his opinion of what she would have made without any basis in experience for such an opinion is insufficient to support a lost profit claim.  *See Fitzpatrick*, 177 So. 2d at 910–11.

---

(Footnote 1 cont'd) Here, Plaintiff correctly asserts a claim of loss of profits because her earnings potentially suffered from her inability to assert her personal effort, skill, or ability as a result of the accident.  Although Plaintiff was an owner of Lucky's Inc., she was also an employee and, thus, paid a salary.  Prior to the collision, Plaintiff performed most of the daily operations necessary to conduct a retail sporting goods business owned by her and her husband.  (Doc. #15 Ex. 15.).  Plaintiff's responsibilities included providing customer assistance, completing sales transactions, cataloging, stocking, and ordering inventory. (*Id.*).  However, following the October 3, 2005 collision, Plaintiff alleges that she could no longer perform these duties to the best of her abilities. (*Id.*).  Because the success of Lucky's Inc. allegedly depended in part upon Plaintiff's daily involvement in managing the business, Plaintiff has properly alleged a claim for loss of business profits.

In *Fitzpatrick*, the Alabama Supreme Court held, under the facts presented there, that the plaintiff's business income was the result of his inability to devote the time and effort from his business to the same degree as the did prior to the accident. *Id.* at 912. In support of his testimony, the court permitted the plaintiff to introduce evidence of itemized records of his sales production for a period of five months before the accident and twelve months after the accident. *Id.* at 910. These records indicated that the average gross profit from his sales for the five months prior to the accident was significantly higher than the monthly average following the accident. *Id.* In reaching the conclusion that plaintiff's testimony and records were sufficient to establish a causal connection between his injury and alleged loss of profits, the court stated that in cases of this character, it is enough if the evidence furnishes data for a fair and just approximate estimate of the amount of damage suffered by reason of loss of time. *Id.* at 911–12 (citing *Banker's Mortgage Bond Co. v. Sproull*, 124 So. 907, 908 (Ala. 1929)).

After careful evaluation of the evidence, the court finds that Plaintiff has produced sufficient evidence for a reasonable jury to find in her favor. Similar to her counterpart in *Fitzpatrick*, Plaintiff has offered substantial evidence supporting her testimony that she was unable to work due to her injuries, and as a result, she sustained a loss of business profits. Specifically, Plaintiff offers bank records following the October 3, 2005 collision, tax forms, and internal company financial records as evidence. (Doc. #23 Ex. A; Doc. #29 Exs. D–J). These records support Plaintiff's testimony that because of her injuries, Lucky's Inc. was losing money, which forced her to re-deposit her company paychecks in order to avoid overdrafting the business's account. In light of the evidence cited above, the court concludes that Plaintiff supports her allegation of lost profits with the specific proof necessary to withstand a motion for summary judgment.

Defendants next argue that the courts' holdings in *Preston v. Alabama Power Company*, 401 So. 2d 107 (Ala. Civ. App. 1981) and *Eternal Rest Cemetery Corp. v. Pugh*, 1366 So. 2d 1113 (Ala. 1979), support its contention that Plaintiff fails to offer competent evidence to substantiate her lost profits claim. In *Preston,* the court found that the plaintiff failed to offer sufficient evidence to establish a causal link between her injury and subsequent loss of profits. *Preston*, 401 So. 2d at 109. This court finds the facts of *Preston* distinguishable from the present case in several ways. First, in *Preston*, the plaintiff offered a statement detailing business expense items such as advertising expenses, fees for legal and professional services, and interest on business indebtedness as evidence of her loss of business profits. However, according to the *Preston* court, these items established that such expenses existed, but did not provide any evidence of loss of profits. Alternatively, in the present case, Plaintiff is claiming entitlement to wages which were redeposited into the business's bank account following her injury to cover business issues. (*See* Doc. #23). Plaintiff's lost wages are identifiable because she has offered bank statements and internal accounting records in support of her claim. (Doc. #23 Ex. A; Doc. #29 Exs. D–J).

Second, in *Preston* the plaintiff testified that due to a back injury she sustained during an automobile accident, she was forced to reduce her regular working hours, resulting in a loss of profits to her business. *See Preston,* 401 So. 2d at 108–109. In rejecting the plaintiff's claim, the court distinguished her case from *Fitzpatrick* because, in the latter case, Fitzpatrick was able to demonstrate that the severity of his injuries, which required a four month leave of absence from work, caused a "sales production decrease after the accident, and . . . a corresponding decrease in the profits of the business." *Preston,* 401 So. 2d at 109. In the present case, Plaintiff was forced to take leave from work for four months in order to recover from her injuries. (Doc. #15 Ex. D). Pursuant to the

standard established in *Fitzpatrick*, this court is of the opinion that a reasonable jury could conclude that Plaintiff similarly has demonstrated a "sales production decrease after the accident and . . . corresponding decrease in the profits of the business." *Preston,* 401 So. 2d at 109.

The court also concludes Defendants' reliance on *Eternal Rest Cemetery Corp. v. Pugh,* 366 So. 2d 1113 (Ala. 1979), to be misplaced.  In *Pugh*, the Alabama Supreme Court reversed and remanded a jury verdict awarding the plaintiff lost profits, because he failed to offer any reasonably specific data upon which to rest the award. *Id*. at 1117.  The plaintiff's parents had brought an action against a cemetery alleging wanton trespass when the cemetery relocated the remains of their deceased son without notifying them. *Id.* at 1114.  The plaintiffs offered evidence that Mr. Pugh was in business for himself operating a small garage as an auto mechanic, that he always tried to expand his business, and that it was not expanding but, rather it was "backing up." *Id*. at 117.  The court noted, "[t]he long-established principle on proof of lost earnings is that such an allegation must be supported by some specific proof which will allow a reasonably accurate finding." *Id*. at 1116.  However, "[t]his evidence failed to establish any reasonably specific data upon which to rest an award of damages on account of Lost earnings." *Id*. at 1117 (citing *Fitzpatrick v. Dean*, 177 So. 2d 909 (1965)).

This case is distinguishable from *Pugh*.  Mr. Pugh did not offer evidence corroborating his claim that he suffered lost earnings as a result of the cemetery's relocation of his deceased son. *Id*. at 1116.  In contrast, here, Plaintiff has offered bank records, tax returns, and internal accounting records in support of her testimony regarding lost profits.  (Doc. #23 Ex. A; Doc. #29 Exs. D–J).

**B.      Real Party in Interest**

Finally, Defendants claim that they are entitled to summary judgment because Plaintiff is not the real party in interest for her claim of lost profits, and instead that any loss of wages and loss of business profits is a claim that should be brought only by Lucky's, Inc.  In support of this contention, Defendants point to Federal Rule of Civil Procedure 17(a), which requires an action to be prosecuted in the name of the real party in interest.  *See also Ramsey v. Taylor*, 567 So. 2d 1325 (Ala. 1990) ("It has long been settled that a corporation, just like an individual, must enforce its own rights and privileges.").  However, the court finds that Plaintiff, as a party to the insurance contracts with Defendants for uninsured motorist benefits, is the real party in interest with respect to her lost profits claim.  Plaintiff's claim of lost profits under her insurance policy is consistent with Alabama uninsured motorist coverage statutory law.  As explained by Marsh and Gamble in their treatise on the law of damages in Alabama, "[u]ninsured motorist coverage [in Alabama] provides the same protection to a person injured by an uninsured motorist as he would have if he had been injured by an automobile covered by a standard automobile liability policy." JENELLE MIMS MARSH & CHARLES W. GAMBLE, ALABAMA LAW OF DAMAGES § 27:4 (5th ed. 2006); *see also* Ala. Code § 32–7–23 (1975); *Dale v. Home Ins. Co.*, 479 So.2d 1290, 1291 (Ala. Civ. App. 1985).  Plaintiff is therefore entitled to claim lost profits as she is the signatory on the insurance contract with Defendant, and such lost profits are alleged to have arisen from the diminution in her personal efforts.

**V.      CONCLUSION**

For the reasons stated above, Defendants' Motion for Partial Summary Judgment is denied. The court will enter a separate order in accordance with this memorandum opinion.

**DONE** and **ORDERED** this    1st    day of August, 2007.

 

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE